RECEIVED
BY MAIL
APR 27 2005
CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-75 JMR/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | ANSWER OF THE GARNISHEE (NON-EARNINGS) |
| v. | ) | |
| ALAN HAROLD ROEBKE, Defendant, | ) | |
| and | ) | |
| SOUTHERN MINNESOTA BEET SUGAR COOPERATIVE, Garnishee. | ) | |

Southern Minnesota Beet Sugar Cooperative, being duly sworn, deposes and says:

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of ______________________.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ______________________,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a** ~~corporation~~ Minnesota cooperative association**:**

That he/she is the ______________ (Title) of Garnishee, Southern Minnesota Beet Sugar Cooperative (Full name/address of corporation), a ~~corporation~~ cooperative association, organized under the laws of the State of Minnesota.

On April 19, 2005, Garnishee was served with the Writ

SCANNED
APR 27 2005
U.S. DISTRICT COURT MPLS

of Garnishment. If, as of the date of service of said Writ, Garnishee was in custody, control of possession of non-earnings' property in which the above-named defendant has financial or legal interest, proceed to Number 1 below. If, as of the date of service of said Writ, Garnishee was not in custody, control or possession of such property, sign, date, notarize, and return this Answer of the Garnishee.

1. For non-earnings' property presently in your custody, control or possession, indicate:

| Description of Property | Value of Property | Debtor's Interest in Property |
| --- | --- | --- |
| Unit Retains | $48,015.42 | as set forth in the letter from the Garnishee to the U.S. Attorney dated April 13, 2005 and attached here to as Exhibit A. |
| | | |
| | | |

Total Value of Property $________

2. If the non-earnings' property listed above is currently subject to previously-served garnishments or court orders, provide the information requested below: (If the noted non-earnings' property is not currently subject to any previously-served garnishments/orders, write "$0.00" on the "Total Due Under Previously-Served Garnishments/Orders" line below.)

| Description of Previously-Served Garnishment/Order | Amount Due Under Previously-Served Garnishment/Order |
| --- | --- |
| | $ |
| | $ |
| | $ |

Total Due Under Previously-Served Garnishments/Orders $ 0.00

3. Determine the extent to which the non-earnings' property presently in your custody, control or possession is available for this garnishment:

a. Enter the amount listed on the "Total Value of Property" line in Number 1 above. $ 48,015.42

b. Enter the amount listed on the "Total Due Under Previously-Served Garnishments/Orders" line in Number 2 above (including "$0.00"). $ 0.00

c. **Current Non-Earnings' Property Available for this Garnishment** (subtract line "b" from line "a")

$ 48,015.42

If you do not claim an exemption, objection, defense or set-off against the amount stated on Line "c" above, you must now retain that amount, up to the total debt balance due as set forth in the Writ of Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.)

If you do contend that some portion of the amount listed on Line "c" above is not subject to this garnishment, indicate the reason(s) for your contention:

_____The Garnishee claims, on behalf of the judgment debtor, the exemption noted on Line ______ of the Claim for Exemption

Form. The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $ ____________.

_____ The Garnishee claims the following objection, defense or right to set-off from the non-earnings' property available for this garnishment: ______________________________. The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $____________.

Please Note that a portion of the $48,015.42 is owed by other parties, as referred in Exhibit A.

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Debtor, at:

Alan Harold Roebke
XXX XXXXXX XXXX
XXXXXXXXX XXX
Chaska, MN 55318

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Southern Minnesota Beet Sugar Cooperative
Garnishee by J.L. Peathe, CFO

SUBSCRIBED and SWORN to before me this 26th day of April, 2005.

KATHRYN M. BRUNNER
NOTARY PUBLIC – MINNESOTA
My Commission Expires 1-31-2007

[signature]
NOTARY PUBLIC

# EXHIBIT A

Letter to U.S. Attorney dated April 13, 2005

DORSEY
DORSEY & WHITNEY LLP

STEVEN E. CARLSON
(612) 340-8876
FAX (612) 340-2643
Carlson.steve@dorsey.com

April 13, 2005

Gregory G. Brooker, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
300 South Fourth Street
U.S. Courthouse, Suite 600
Minneapolis, MN 55415

Internal Revenue Service
316 North Robert Street
Mail Stop 4045
St. Paul, MN 55101
Attn: CSP

Re: Amounts Owed to and by Alan Roebke

Ladies and Gentlemen:

I am writing on behalf of our client, the Southern Minnesota Beet Sugar Cooperative (the "Coop"), regarding certain amounts owed by the Coop to Mr. Alan Roebke and other parties (as described in Exhibit I hereto). Mr. Roebke is a former shareholder of the Coop and is currently owed $48,015.42 for unit retains related to the crop year 1997 (the "Patronage Amount") as a result of his membership in the Coop in 1997.

It has come to the Coop's attention that the Internal Revenue Services (the "IRS") may have an outstanding tax lien against Mr. Roebke in the approximate amount of $188,917. In addition, we believe the Federal District Court for the District of Minnesota (the "Court") has issued an order requiring Mr. Roebke to pay restitution in the amount of $202,378.94 to the United States Department of Agriculture (the "USDA") and that the U.S. Attorney's Office (the "U.S. Attorney") is charged with collecting that restitution amount. We are unaware of whether or how Mr. Roebke has met the obligations we presume he still has to the government, and we do not have a current address for Mr. Roebke.

The Coop is interested in resolving this matter in a lawful, orderly manner. The Coop wishes to pay the Patronage Amount to the appropriate party but is uncertain as to the priority of the IRS's and the USDA's respective claims, or of the rights, if any, of the other two parties listed on Exhibit I. Rather than depositing the Patronage Amount with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure, the Coop would propose to transmit the

DORSEY



Patronage Amount as jointly directed by the IRS and the U.S. Attorney, subject to an appropriate release and indemnity from both of you.

We would appreciate your furnishing this letter to Mr. Roebke.

Please let me know at your earliest convenience how you wish to proceed. I look forward to hearing from you.

Sincerely yours,

Steven E. Carlson

SEC/ml
Enclosure
cc: Jeff Plathe – Southern Minnesota Beet Sugar Cooperative

# EXHIBIT I

## Uncashed Checks from SMBSC for 1997 Unit Retains

| | |
|---|---|
| A. Roebke & R. Loftness | $ 18.74 |
| A. Roebke & R. Loftness | 3,081.38 |
| Hi-Tech Farms, Inc. & A. Roebke | 12,391.79 |
| A. Roebke & R. Loftness | 804.35 |
| Hi-Tech Farms, Inc. & A. Roebke | 31,719.16 |
| Total | $48,015.42 |